IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-442-BO

| | |
|---|---|
| SERGIO L. RAMIREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER AND MEMORANDUM ) AND RECOMMENDATION |
| WAL-MART STORE EAST, L.P., | ) ) |
| Defendant. | ) |

This *pro se* case is before the Court on the application [DE-1] by Plaintiff Sergio L. Ramirez to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), respectively. Pursuant to 28 U.S.C. § 636(b)(1), these matters were referred to the undersigned. Upon consideration, the undersigned determines that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and his application to proceed *in forma pauperis* is accordingly allowed.

Nevertheless, in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss all or any part of an action which is found to be frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks money damages from a defendant immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. §

1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The statement must provide fair notice of what the claim is and the grounds upon which it rests. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Todd v. Geneva Convention*, No. 3:08–660–MBS, 2008 WL 1339835, at *6 (D.S.C. Apr. 9, 2008) (holding in review for frivolity, a plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim). A plaintiff fails to state a claim upon which relief may be granted when a complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## I. PLAINTIFF'S COMPLAINT

Plaintiff filed a form complaint against his former employer, Defendant Wal-Mart Stores East, L.P. ("Defendant"), in which he appears to be alleging retaliatory termination and harassment

on the basis of his national origin and disability and that he has been subjected to unlawful discrimination under the Equal Pay Act. Compl. [DE-1-1] ¶¶ 4, 6. The facts supporting Plaintiff's complaint are exceedingly underdeveloped, however. Plaintiff alleges that he was employed by Defendant from January 27, 2009 until June 5, 2012. *Id.* ¶ 5. Plaintiff has attached to his complaint a one-page document containing factual statements in Spanish, which appear to have been translated into English. [DE-1-2]. The translation, however, appears to be incomplete, hindering comprehension of the factual bases of Plaintiff's complaint.

Plaintiff has also included with his complaint a document styled as Plaintiff's resignation letter of June 5, 2012, which states as follows:

> Through this letter i respectfully request the resignation of the company as an associate of Wal-Mart. This decision is not easy for me because of my economic situation in which I am but because of the continued hostility to which I am undergoing I felt compelled to have to make this diffcult decision for my health, mental, emotional and physical are affected and damaged and I want to cite a few reasons why I am taking this decision.
>
> -Lack of respect -Abuse of Power - Partial Research of Home Office
>
> -Rejection and negative actions associated parts, supervisors and managers in the unequal treament, control and strict monitoring of my time working, leering humiliatingly and with offensive gestures. With intimidation and threats of dismissal and harassment.
>
> -And even under Medical Restrictions managers are sending me to work, my physical injuries will not let me which is also bad in my thirty-minute break will not let me back off in the chair to rest
>
> -Changed the hours of rest without the physician to modify the restrictions which were permanent and denied the opportunity to discuss my annual evaluation on the information which every member has the right which I did not participate.
>
> -I agree that I be given a position in accordance with my injury as a reasonable accommodation but it ought to respect my salary because this decision was not a voluntary basis to my request but it is due to the accident of work in the which for

> three years I have experience of working for the company and consider it unfair.
>
> -Also as a full-time associate after my injury and complaints have cut my hours to less than thirty-four hours and even weeks of zero hours which kept me from before thirty-eight to forty hours where I regard as a negative action by managers because it justifies such action when the company in recent times has made a profit.

[DE-1-2] at 2 (grammatical errors in the original). Also attached to Plaintiff's complaint is a dismissal and notice of rights letter from the Equal Employment Opportunity Commission ("EEOC") dated March 18, 2013, relating to EEOC Charge No. 433-2012-02446. [DE-1-3].

The precise nature and scope of Plaintiff's complaint is not entirely clear from Plaintiff's filings. However, Plaintiff has another case pending before this court, *Ramirez-Rodriguez v. Wal-Mart Store East, L.P.*, No. 5:12-CV-00585-BO (E.D.N.C.) ("*Ramirez I*"), filed on September 6, 2012, of which it is appropriate to take judicial notice. *See Ward v. Maloney*, 386 F. Supp. 2d 607, 608 n.1 (M.D.N.C. 2005) (taking judicial notice of court record and filings in other litigation between the parties), *aff'd*, 171 F. App'x 986 (4th Cir. 2006). Plaintiff's filings in *Ramirez I* are helpful in understanding what claims Plaintiff is attempting to assert in the present case.

Plaintiff filed his complaint in *Ramirez I* against the same Defendant in the present case, Wal-Mart Store East, L.P., alleging claims for (1) discrimination, harassment, and retaliation pursuant to Title VII, (2) discrimination, harassment, retaliation, and failure to accommodate pursuant to the ADA, and (3) violation of the Equal Pay Act. *See Ramirez I*, [DE-6, 25, 42]. The court dismissed Plaintiff's claims in *Ramirez I* under Title VII and the Equal Pay Act, and claims for discrimination, harassment, and retaliation under the ADA, leaving Plaintiff's failure to accommodate claim under the ADA as the sole remaining claim. *See Ramirez I*, 2013 WL 3356566, at *4 (E.D.N.C. July 3, 2013). A motion to consolidate *Ramirez I* and this case is presently pending

before the district court. *See Ramirez I*, [DE-43].

*Ramirez I* relates to Plaintiff's EEOC Charge No. 433-2011-01230, filed on February 3, 2011, and includes allegations of retaliation and discrimination based on national origin and disability from August 28, 2010 to February 2, 2011. *See Ramirez I*, Compl. [DE-1-1] ¶ 11, EEOC Charge No. 433-2011-01230 [DE-1-3]. Plaintiff explains, in his response to Defendant's motion to dismiss in *Ramirez I*, that he was complaining of an alleged dismissal in August 28, 2010, and not his alleged constructive discharge on June 5, 2012, and that Defendant was confusing Plaintiff's first EEOC charge filed in 2011 with his second EEOC charge filed in 2012, the latter of which appears to form the basis for the present case. *Ramirez I*, [DE-37] at 1, 3. In *Ramirez I*, the court dismissed Plaintiff's claims related to the 2012 EEOC charge because Plaintiff failed to allege or show that he had received a right to sue letter from the EEOC with respect to that charge. *Ramirez I*, 2013 WL 3356566, at *2.

In the present case, Plaintiff indicates on the form complaint that the "acts complained of in this suit concern" termination of employment and retaliation. Compl. at ¶ 4. Plaintiff alleges that these acts occurred between January 5, 2012 and June 5, 2012. *Id.* ¶ 8. Plaintiff filed in support of his complaint a dismissal and notice of rights letter from the EEOC related to the 2012 EEOC charge, but did not file a copy of the charge itself. [DE-1-3]. Therefore, having carefully reviewed the records in both this case and *Ramirez I*, it appears that it is Plaintiff's intent in the present case to pursue claims related to the events occurring from January 5, 2012, leading up to and including the alleged retaliatory termination of Plaintiff on June 5, 2012. Accordingly, Plaintiff's complaint is construed to allege claims of retaliation and harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Equal Pay Act

of 1963 ("Equal Pay Act"), with respect to the time period of January 5, 2012 to June 5, 1012, and does not encompass the acts complained of in *Ramirez I*, which relate to an earlier time period and a different EEOC charge. With this understanding of Plaintiff's complaint, the requisite frivolity review will be conducted.

## II. ANALYSIS

To establish a prima facie case of retaliation under Title VII and the ADA, the plaintiff must show (1) he engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) a causal connection existed between the protected activity and the asserted adverse action. *Laughlin v. Metro Wash. Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998); *see Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012) (stating the standard for ADA retaliation claims). Plaintiff cannot allege a claim for retaliation merely by stating his belief that he experienced retaliation. *See Fair v. Gaston Cnty. Family YMCA*, No. 3:11-CV-524-MOC-DSC, 2012 WL 3019931, at *3 (W.D.N.C. June 12, 2012) (stressing that "conclusory statements with insufficient factual allegations, even when asserted by pro se plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6)"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiff engaged in protected activity by filing his 2011 EEOC charge. *See Ramirez I*, EEOC Charge No. 433-2011-01230 [DE-1-3]. However, as for an adverse employment action, there are insufficient facts alleged to support that Plaintiff was constructively discharged. While Plaintiff alleges he was terminated by constructive discharge, *see* [DE-1-2] at 1 ¶ 3, the facts pleaded here indicate otherwise. Rather, "a plaintiff alleging constructive discharge 'must show working conditions so intolerable that a reasonable person would have felt compelled to resign.'" *Freeman*

6

*v. Dal-Tile Corp.*, — F. Supp. 2d —, 2013 WL 1010601, at *25 (E.D.N.C. Mar. 14, 2013) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004)). "'The law is well-settled that a claim of constructive discharge requires proof of working conditions that are even harsher than those required to state a claim of hostile work environment.'" *Id.* (quoting *Tinsley v. Astrue*, No. 3:10–CV–01184, 2012 WL 5377881, at *8 (S.D.W.Va. Aug. 15, 2012) (collecting cases), *report and recommendation adopted*, 2012 WL 5381678 (S.D.W.Va. Oct. 31, 2012)).

Here, Plaintiff submitted a resignation letter to the President and CEO of Wal-Mart dated June 5, 2012.[1] *See* [DE-1-2] at 2. This resignation letter contains allegations of "harassment," "lack of respect," and "hostility," but few facts to elucidate these conclusory assertions. *Id.* Plaintiff does assert that he was subjected to "strict monitoring of [his] time working," "leering," and "offensive gestures," and that he was denied an opportunity to discuss his annual evaluation. *Id.* These allegations fall short of the type of intolerable working conditions necessary to establish a constructive discharge. *See, e.g., Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004) (concluding that allegations "supervisors yelled at her, told her she was a poor manager and gave her poor evaluations, chastised her in front of customers, and once required her to work with an injured back did not establish the objectively intolerable working conditions necessary to prove a constructive discharge."). Accordingly, Plaintiff has failed to sufficiently allege that his June 5, 2012 resignation was a constructive discharge and, thus, Plaintiff experienced no adverse employment action as a result.

In further support of showing an adverse employment action, Plaintiff alleges that his hours

---

[1] It is noteworthy that Plaintiff indicated in the *Ramirez I* complaint that he "left job voluntarily." *Ramirez I*, [DE-1-1] ¶ 5.

were reduced after his "injury and complaints." *See* [DE-1-2] at 2. A reduction in hours may constitute an adverse employment action. *See Evans v. Larchmont Baptist Church Infant Care Ctr., Inc.*, No. 2:11-CV-306, 2013 WL 3458203, at *6 (E.D. Va. July 8, 2013) (citing *Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999)). Accordingly, Plaintiff has alleged the bare minimum sufficient to survive frivolity review on a claim for retaliation under the ADA based on the alleged reduction in hours. However, Plaintiff alleges the reduction in hours was a result of his injury and not a result of his national origin or any other grounds within the purview of Title VII. *See* 42 U.S.C. § 2000e–2(a)(1) (Title VII prohibits discrimination "*because of* such individual's race, color, religion, sex, or national origin.") (emphasis added). Therefore, Plaintiff's allegations are insufficient to state a cognizable cause of action for retaliation under Title VII.

Next, to the extent Plaintiff attempts to assert claims of unlawful harassment in violation of either Title VII or the ADA, Plaintiff has failed to sufficiently state a claim. In order to establish a prima facie case of Title VII hostile work environment, Plaintiff must show (1) he was subjected to unwelcome conduct; (2) which was based on his protected status; (3) which was sufficiently pervasive or severe to alter the conditions of his employment and to create a hostile work environment; and (4) there is a basis for imputing this conduct to the employer. *Ocheltree v. Scollon Prod., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 612 (D.Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (based on national origin). To establish a hostile work environment prima facie claim under the ADA, a plaintiff must (1) be a qualified individual with a disability; (2) be subjected to unwelcome harassment based on that disability; (3) that is sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (4) show a factual basis to impute liability to the employer. *See Fox v. Gen. Motors Corp.*, 247 F.3d 169, 177 (4th Cir.

8

2001) (citing *Brown v. Perry*, 184 F.3d 388, 393 (4th Cir. 1999)).

Regarding the third prong, dealing with severe and pervasive conduct, "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—a work environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "Title VII is not a federal guarantee of refinement and sophistication in the workplace—in this context, it prohibits only harassing behavior that is so severe or pervasive as to render the workplace objectively hostile or abusive." *Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 773 (4th Cir. 1997). Here, Plaintiff has not set forth facts tending to show that the alleged harassment he endured was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive atmosphere.

Finally, to the extent Plaintiff attempts to assert a claim based on the Equal Pay Act, he has failed to sufficiently state a claim. The Equal Pay Act, part of the Fair Labor Standards Act, prohibits employers from paying different wages to employees of the opposite sex performing the same job. *See* 29 U.S.C. §§ 201 *et seq*. In order to establish a prima facie case of discrimination under the Equal Pay Act, a plaintiff must establish: (1) that such discrimination was based on sex; (2) that he performed work requiring the same skill, effort, and responsibility required of his female comparators; and (3) that he was compensated differently than his female comparators. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). Plaintiff's complaint lacks any factual allegations that meet the elements necessary for asserting a cause of action under the Equal Pay Act.

In sum, Plaintiff has failed to sufficiently allege a claim for retaliatory discharge under Title VII or the ADA, where the facts alleged do not support a constructive discharge. Furthermore, Plaintiff has failed to state a claim for harassment under Title VII or the ADA and has failed to state

9

a claim under the Equal Pay Act. However, Plaintiff's alleged claim of retaliation under the ADA based on the alleged reduction in Plaintiff's hours is sufficient to withstand frivolity review.

### III. CONCLUSION

Based on the foregoing, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, but it is RECOMMENDED that Plaintiff's claims for retaliatory discharge and harassment under Title VII and the ADA and claims under the Equal Pay Act be DISMISSED for failure to state a claim and that Plaintiff's claim of retaliation under the ADA based on the alleged reduction in Plaintiff's hours be allowed to proceed.

SO ORDERED AND SUBMITTED, the 24 day of September 2013.

Robert B. Jones, Jr.
United States Magistrate Judge